1  Derek A. Newman, State Bar No. 190467
   *derek@newmanlaw.com*
2  Sophy Tabandeh, State Bar No. 287583
   *sophy@newmanlaw.com*
3  Peri-Elle Cabagnot, State Bar No. 301784
4  *peri-elle@newmanlaw.com*
   NEWMAN DU WORS LLP
5  100 Wilshire Boulevard, Suite 940
   Santa Monica, CA  90401
6  Telephone:  (310) 359-8200
7  Facsimile:   (310) 359-8190

8  Attorneys for Plaintiff
   LIVED IN IMAGES, INC.
9

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| LIVED IN IMAGES, INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> CALCON MUTUAL MORTGAGE LLC, a Delaware limited liability company; and DOES 1-5, <br><br> Defendants. | No.: <br><br> **COMPLAINT FOR COPYRIGHT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

LIVED IN IMAGES, INC. ("Lived In Images" or "Plaintiff") hereby alleges for its complaint against CALCON MUTUAL MORTGAGE LLC ("CalCon" or "Defendant") upon personal information as to Plaintiff's own activities, and upon information and belief as to the activities of others, as follows:

## I.   JURISDICTION AND VENUE

1. This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this is a claim for copyright infringement arising under the Copyright Act of the United States, 17 U.S.C. § 101, et seq.

2. This Court has personal jurisdiction over Defendant because it conducts substantial and continuous business in the State of California and in this judicial district.

3. Venue is appropriate under 28 U.S.C. § 1391(b)(1)–(3).

## II.   PARTIES

4. Plaintiff is a California corporation with its principal business address at 1401 North El Camino Real, Suite 203, San Clemente, California 92672.

5. CalCon is a Delaware limited liability company with its principal business address in San Diego, California. CalCon has offices across the country, including in Los Angeles, Riverside, and San Bernardino counties.

6. Plaintiff does not know the true names of defendants named in this complaint as Does 1 through 5 and therefore sues those defendants by such fictitious names. Plaintiff will amend the complaint to include the true names of the Doe Defendants and allege facts supporting their liability when Plaintiff learns them through discovery. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named defendants is responsible in some manner for the acts and omissions that give rise to Plaintiff's injuries, and that the Doe Defendants proximately caused Plaintiff's injuries.

## III.   FACTS

**A.   Lived In Images created copyrightable photographs and registered them with the U.S. Copyright Office.**

7. Lived In Images is a leading stock photo archive specializing in home, garden, and interior design pictures.

8. With one of the largest home design databases, Lived In Images offers managed licensing for use of its photographs.

9. Lived In Images registered a group of 5,500 architectural photographs with the U.S. Copyright Office and was issued Copyright Registration No. VA 1-431-181 (November 13, 2009) (hereafter "Group Registration"). A copy of the registration is provided as Exhibit A.

**B.   Defendant published and displayed a copy of Lived In Images' copyrighted photograph without license or permission.**

10. CalCon is a national mortgage and financing company. CalCon has offices in Los Angeles, Riverside, and San Bernardino counties, and obtains substantial revenue from this District. To promote its business, CalCon maintains a website located at <www.ritzscottsdaleloan.com>.

11. On or around June 2014, Lived In Images discovered that Defendant was displaying a copy of its copyrighted image without license or permission on its website. Attached as Exhibit B is a screenshot of Defendant's infringing use.

12. Shortly thereafter, Lived In Images sent Defendant notices by email informing it of the infringing use. Defendant failed to respond.

13. To date, the infringing image is still displayed on Defendant's website.

## IV.   CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT

14. Lived In Images hereby incorporates Paragraphs 1-13 by reference.

15. Lived In Images is, and at all relevant times has been, the owner of the copyright of the Group Registration, composed of approximately 5,500

architectural photographs.

16. Each photograph in the Group Registration is copyrightable subject matter under 17 U.S.C. § 102(a)(5).

17. Lived In Images has complied in all respects with the provisions of the Copyright Act and all regulations thereunder.

18. Lived In Images registered the copyright in each photograph in the Group Registration with the United States Copyright Office before Defendant began infringement.

19. Lived In Images has the exclusive rights under 17 U.S.C. § 106 to (1) reproduce the copyrighted photographs, (2) prepare derivative works based off the copyrighted photographs, (3) distribute copies of the copyrighted photographs, and (4) display the copyrighted photographs publicly.

20. Without the permission or consent of Lived In Images, a photograph from the Group Registration was reproduced, derivative works were made from, copies were distributed of, and the photograph was displayed on Defendant's website.

21. Lived In Images' exclusive rights in the photographs in the Group Registration were violated.

22. Defendant induced, caused, or materially contributed to the infringement.

23. Defendant had actual knowledge of its infringement.

24. Defendant acted willfully.

## V. RELIEF REQUESTED

WHEREFORE, Lived In Images asks this Court to enter judgment against Defendant and its subsidiaries, affiliates, agents, employees, Does 1 - 5, and all persons acting in concert or participation with them, granting the following relief:

1. Temporary and permanent injunctions preventing and restraining infringement of the Group Registration, Registration No. VA 1-431-181 (November

13, 2009) by Defendant under 17 U.S.C. § 502;

2. An order requiring the destruction of all copies made by or under the control of Defendant of the photographs in the Group Registration and all articles by which such copies may be reproduced under 17 U.S.C. § 503;

3. An award of the actual damages suffered by Lived In Images as the result of Defendant's infringement plus the profits of Defendant attributable to the infringement under 17 U.S.C. § 504(b);

4. Alternatively, if Lived In Images so elects, an award of statutory damages for each infringement of the Group Registration under 17 U.S.C. § 504;

5. A judgment that Defendant's infringement was willful and an increased statutory damage award under 17 U.S.C. § 504(c)(2);

6. An award of Plaintiff's full costs including a reasonable attorney's fee under 17 U.S.C. § 505; and

7. For such other and further relief as may be just and proper under the circumstances.

Dated September 4, 2015.

Respectfully Submitted,

**NEWMAN DU WORS LLP**

By: *Peri-Elle Cabagnot*
Derek A. Newman, State Bar No. 190467
*derek@newmanlaw.com*
Sophy Tabandeh, State Bar No. 287583
*sophy@newmanlaw.com*
Peri-Elle Cabagnot, State Bar No. 301784
*peri-elle@newmanlaw.com*

Attorneys for Plaintiff
Lived In Images, Inc.

4
COMPLAINT

**JURY DEMAND**

Pursuant to FED. R. CIV. P. 38(b), Plaintiff Lived In Images, Inc. demands a trial by jury of all issues presented in this complaint which are triable by jury.

Dated September 4, 2015.

Respectfully Submitted,

**NEWMAN DU WORS LLP**

By: *Peri-Elle Cabagnot*
Derek A. Newman, State Bar No. 190467
*derek@newmanlaw.com*
Sophy Tabandeh, State Bar No. 287583
*sophy@newmanlaw.com*
Peri-Elle Cabagnot, State Bar No. 301784
*peri-elle@newmanlaw.com*

Attorneys for Plaintiff
Lived In Images, Inc.